**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4677**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEON TERRELL ROSS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, District Judge. (2:15-cr-00224-1)

Submitted: March 26, 2019                                  Decided: April 23, 2019

Before AGEE and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, George H. Lancaster, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Christopher R. Arthur, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keon Terrell Ross appeals his 24-month sentence, imposed on revocation of supervised release. Ross contends that his sentence is procedurally unreasonable because the district court predominantly relied on an impermissible sentencing factor. We affirm.

Because Ross did not raise this issue in the district court, review is for plain error. *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). To establish plain error, Ross must show that the district court committed error, that the error was clear and obvious, and that the error affected his substantial rights—that is, the outcome of the proceeding. *Id.* at 640-41. Even if Ross establishes these elements, we will exercise our discretion to correct the error only if we conclude that the error affects "the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 641 (internal quotation marks omitted).

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation" of supervised release. *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). We will affirm a revocation sentence that is within the statutory maximum and not plainly unreasonable. *Id.* at 207. "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Id.* (footnote omitted).

> Chapter Seven instructs that, in fashioning a revocation sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2012). Section 3583(e), the statute governing supervised release, further directs courts to consider factors enumerated in "section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)"

when imposing a sentence upon revocation of supervised release. Absent from these enumerated factors is § 3553(a)(2)(A), which requires district courts to consider the need for the imposed sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."

*Webb*, 738 F.3d at 641 (footnote omitted).

Ross contends that the district court, in explaining the statutory maximum 24-month sentence imposed on Ross, relied solely on the need to promote respect for the law, a disfavored § 3553(a)(2)(A) factor. Our review of the district court's language, however, leads us to a different conclusion. While the district court did refer to a need to promote respect for the law, the court's language focused on the breach of trust demonstrated by Ross' flaunting of the law when he ignored the conditions of supervised release, a consideration appropriate under Chapter 7 of the Guidelines. The court also alluded to approved § 3553(a) factors such as the circumstances of the offense and Ross' criminal history, as well as the need to deter criminal conduct and protect the public from Ross' criminal activity. § 3553(a)(1), (a)(2)(B), (C). As we held in *Webb*, "although a district court may not impose a revocation sentence based predominately on the seriousness of the releasee's violation or the need for the sentence to promote respect for the law and provide just punishment, . . . mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." 738 F.3d at 642.

Accordingly, we discern no plain error in the district court's explanation. We dispense with oral argument because the facts and legal conclusions are adequately

presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*